# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MEMPHIS TENNESSEE WESTERN DIVISION

**Marcino Pigram,**

    **Plaintiff**,

vs

**City of Memphis, and Robert Deibel,**

    **Defendants.**

                          **JURY TRIAL DEMANDED**

## COMPLAINT

Comes now Plaintiff, Marcino Pigram, and for this cause of action would show the following:

### INTRODUCTION

1. This action is brought pursuant to the laws in the State of Tennessee and under the United States Constitution.

2. This action is brought pursuant to: 42 U.S.C. §1983 Malicious Prosecution; the Takings Clause under the United States Constitution 5th Amendment; the Unconstitutional Conditions Doctrine; 4th Amendment Seizure; Malicious Prosecution; and all applicable state and federal laws which are consistent with the facts as alleged in this Complaint.

## PARTIES

3. Plaintiff, Marcino Pilgrim, is and at all times pertinent herein, has been, a resident citizen of Memphis, Shelby County, Tennessee.

4. Defendant, City of Memphis, is responsible for the administration and governance of the Memphis Police Department, and the Environmental Enforcement Agency, which is located in Shelby County, Tennessee.

5. Defendant Robert Deibel, owns property and conducts business in Memphis, Shelby County, Tennessee, and may also be a resident of Shelby County, Tennessee.

6. The facts and occurrences hereinafter set forth took place in Memphis, Shelby County, Tennessee.

7. Venue is proper in this federal judicial district pursuant to 28 USC§ 1391.

## FACTS

8. Plaintiff, on July 11, 2022, hired individuals to lawfully work on his property at or around 0 Cornell, Parcel ID 069065 00006.

9. Plaintiff intended on building a parking lot and living off of the proceeds.

10. However, Defendant Deibel contacted Defendant City, through the Memphis Police Department, and informed Defendant that Plaintiff was Criminally Trespassing on his property.

11. Defendant City did not have Defendant Deibel verify this allegation in any way.

12. Instead, Defendant City went to Plaintiff's property and threatened Plaintiff's employees, who were then removed from the property.

13. Plaintiff was also not allowed to stay on the property, even after Plaintiff provided Defendant City with all documentation and relevant information to show that Plaintiff was the owner of the property.

14. Instead, Plaintiff was detained and removed from the property based on the charge of Criminal Trespass.

15. Defendants, to this day, have not acknowledged, or admitted that the property in question is in fact Plaintiff's property.

16. Plaintiff has been unable to use the property, or build on the property, based on the conduct of Defendants, and due to the fact that if Plaintiff attempted to hire anyone else in order to work on the property, they would be at risk of being arrested for Criminal Trespass.

17. Defendant City, through the Environmental Enforcement Office, has also harassed Plaintiff and kept him from utilizing the property, stating that it is in a hazardous condition, or has been utilized in a hazardous way by Plaintiff, when the statements being made by Defendant City are knowingly false.

18. Therefore, Plaintiff is being prevented by Defendants from utilizing the property, in fear of being arrested, all while Plaintiff is being harassed by Defendant City for not keeping the property maintained correctly, which is knowingly false.

19. Defendant City has violated the Takings Clause under the 5th Amendment, as Defendants have prevented Plaintiff from utilizing the property, but that Defendants are free to use it without any fear or threat of any repercussions.

20. Plaintiff was exercising his constitutionally protected right to use and enjoy his land. In this case, it was for the purpose of earning a living. However, Defendant City has denied Plaintiff of this benefit by excluding Plaintiff, and anyone else Plaintiff hires,

from utilizing the land, thus violating the Unconstitutional Conditions Doctrine.

21. Furthermore, Defendant City, in violation of the 4th Amendment, has engaged in an unreasonable seizure. Defendant City had all the relevant information needed to assure it that Plaintiff was the property owner, and yet, it still removed and detained Plaintiff from his own property in order to appease Defendant Deibel.

22. Defendant Deibel pursued a prosecution against Plaintiff that was baseless, and false. Defendant Deibel had Plaintiff detained and removed from Plaintiff's own property, under the representations that Plaintiff was on Defendant Deibel's property.

23. However, Plaintiff was not successfully prosecuted for Criminal Trespass because the relevant evidence all supports the fact that Plaintiff is the owner of the property in question, and the prosecution was abated after it became clear that Plaintiff could not be successfully convicted of trespassing on his own property.

24. Plaintiff has been stressed, embarrassed, and unable to use his property due to Defendants' conduct.

25. Defendant City was required to engage in a reasonable investigation, and to take into account all relevant information available at the time of its interaction with its citizens, prior to detaining or arresting them.

26. Defendant City failed to follow this procedure, and failed to provide any checks and balances to prevent Plaintiff from being violated.

27. Defendant City has a pattern or custom of allowing citizens to be harassed and detained without any additional checks and balances before, or after the detention.

28. Defendant City is aware that this is a problem but has declined to implement anything to afford its citizens any additional protections.

29. Defendant City, knowing what has occurred to Plaintiff, has not implemented anything to prevent this from occurring again.

30. Defendant City is not immune from its conduct, due to the negligence of its employees.

31. Plaintiff has been unable to earn any income from his property based on Defendants; conduct.

WHEREFORE, Plaintiffs respectfully prays that this Court enter a judgment against the defendants as follows:

    A. An award of $200,000 in compensatory damages and any other such relief as appropriate.

    B. $100,000 in punitive damages.

Respectfully Submitted,

s/ *Terrell Tooten*
Terrell Tooten, BPR No. 028506
Attorney for Plaintiffs
5744 Rayben Circle,
Memphis, TN,38115
901-609-3622 Telephone;
x99tooten@gmail.com